UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, EXECUTIVE DIRECTOR of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>NORTH SHORE NEWS COMPANY, INC.,<br><br>Defendant. | C.A. No.: |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. § 1381 et. seq., brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and ERISA § 4301, 29 U.S.C. § 1451.

3. Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, Burlington, MA 01803.

4. At all material times, Defendant North Shore News Company, Inc. ("North Shore") is a Massachusetts corporation with a principal place of business at 150 Blossom Street, Lynn, MA 01902.

5. Defendant North Shore has been an "employer" within the meaning of ERISA § 3(5) 29 U.S.C. § 1002(5) and is an employer in an industry affecting commerce within the meaning of ERISA § 3(5), 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

6. Teamsters Local Union No. 42 is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

7. At all material times, Defendant North Shore was obligated by the terms of one or more collective bargaining agreements between it and Teamsters Local Union No. 42, and by the terms of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") to make contributions on behalf of certain employees to the Pension Fund.

8. On or about June 30, 2021, Defendant North Shore permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

9. By letter dated July 7, 2021, the Pension Fund notified Defendant North Shore that it had withdrawn and demanded payment of Defendant North Shore's proportionate share of the Pension Fund's unfunded vested benefit liability.

10. In demanding payment of North Shore's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $2,598,240 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on September 7, 2021.

11. Defendant North Shore has failed to make any withdrawal liability payments to the Pension Fund.

12.     Defendant North Shore has not initiated timely arbitration of any dispute concerning the Pension Fund's demand.

13.     By letter dated July 26, 2022, the Pension Fund notified Defendant North Shore that it had defaulted in its payment of withdrawal liability and in accordance with ERISA Section 4219(c)(5)(A) it is required to pay the outstanding amount of its withdrawal liability in full.

14.     Defendant North Shore owes the full amount of the withdrawal liability.

15.     The Trust Agreement and the Pension Fund's Rules and Regulations provide that interest, liquidated damages, attorneys fees and costs must be paid on delinquent payments of withdrawal liability.

WHEREFORE, plaintiff demands that judgment enter against Defendant North Shore News, Inc. in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. Withdrawal liability in the amount of $2,598,240;

    b. Interest on the delinquent monthly payment of withdrawal liability from the date the first payment was due;

    c. Liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. All costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated:  December 12, 2022                                Respectfully submitted,

                                            Melissa A. Brennan, Esq.
                                            BBO # 669489
                                            mab@fdb-law.com
                                            Steven J. Fonseca, Esq.
                                            BBO # 710346
                                            sjf@fdb-law.com
                                            **Feinberg, Dumont & Brennan**
                                            177 Milk Street, Suite 300
                                            Boston, MA 02109
                                            Tel.: (617) 338-1976


                                            /s/ Melissa A. Brennan
                                            Attorney for Plaintiff,
                                            Edward F. Groden, Exec. Director


## **CERTIFICATE OF SERVICE**

      I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Office of the Treasurer, the Department of Labor and the Pension Benefit Guaranty Corporation.

Dated:  December 12, 2022                                /s/ Melissa A. Brennan
                                                                                 Melissa A. Brennan, Esq.